**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VALERIE L. RYAN,**

        **Plaintiff,**

**v.**                             **Case No: 6:19-cv-2241-Orl-37GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Valerie L. Ryan (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for disability insurance benefits and Supplemental Security Income benefits. Doc. Nos. 1, 26. Claimant alleges a disability onset date of January 1, 2013. R. 18. Claimant argues that the ALJ's decision should be reversed because: 1) the ALJ erred in determining Claimant had the residual functional capacity ("RFC") to perform light work with limitations because the ALJ failed to consider and weigh the opinions of Claimant's treating physicians Nguyen Vu, M.D. and Richard Smith, M.D.; and, as a result,  2) the hypothetical question the ALJ posed to the Vocational Expert ("VE") failed to include all Claimant's limitations.  Doc. No. 26 at 12, 14, 25.  It is recommended that the ALJ's final decision be **AFFIRMED.**

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## I.    ANALYSIS

The ALJ found that Claimant had the following severe impairments:

degenerative disc disease of the cervical and lumbar spine, rheumatoid arthritis of the left knee.  R. 20.  The ALJ found that Claimant had the residual functional capacity to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with the following limitations:

> She can occasionally perform the postural activities.  She can occasionally reach overhead. She can bilaterally and frequently handle (gross manipulation/grasp).  She can bilaterally and frequently finger (fine/repetitions).  She is limited to performing simple tasks with little variation that take a short period of time to learn (up to and including 30 days) (SVP 1-2).

R. 21.  Relying on the testimony of the VE, the ALJ found that Claimant was capable of performing her past relevant work as a Counter Attendant, Food Service, as actually and generally performed.  R. 25-26.

In determining Claimant's RFC, the ALJ considered and discussed many of Claimant's clinical examinations, objective imaging studies, and the treatment records of Dr. Vu, Dr. Smith, Dr. Robert Rodriguez, and Dr. Young Tsai.  R. 21-25. The ALJ found, however, that while "[t]he claimant received treatment from a pain specialist, primary care providers and a rheumatologist," no treating source imposed work preclusive limitations upon Claimant. R. 25.  The ALJ relied on the medical opinion of Larry Meade, D.O., who reviewed the medical evidence of record and opined that Claimant could perform a reduced range of light work.  R. 25 (Ex. 5A).  The ALJ gave Dr. Meade's opinion significant weight because it was

consistent with the course of treatment, clinical exams, and objective imaging studies. R. 25 (citing Exs. 1F, 3F, 4F, 6F/7, 25, 7F, 8F/3, 9F, 12F, 14F/11, 16F, 17F, 19F/1, 20F/20, 79, 111). The ALJ also found that the "clinical exams, objective imaging studies, and course of treatment" were "inconsistent with the work preclusive symptoms and limitations that the claimant alleges." *Id.*

Claimant argues that: 1) the ALJ erred in determining Claimant had the RFC for light work with limitations; 2) the ALJ failed to adequately consider and weigh the opinions of Drs. Vu and Smith; and 3) the ALJ reached conclusions regarding Claimant's limitations that are not supported by substantial evidence. *Id.* at 12, 14.

An ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011)[1] (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity" of a claimant's impairment, symptoms, diagnosis, prognosis, and physical and mental limitations. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011); 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about . . . what you can still do despite impairment(s), and your physical or mental

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

restrictions").

"A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments." *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 811 (11th Cir. 2017) (citing *Winschel*, 631 F.3d at 1179).   However, "the Eleventh Circuit has repeatedly found no error in ALJ decisions that do not weigh statements within medical records when those records do not reflect physical or mental limitations or otherwise provide information about the ability to work." *Bilboat v. Berryhill*, No. 16-cv-61705, 2018 U.S. Dist. LEXIS 192331, at *6 (S.D. Fla. Mar. 27, 2018) (citing *Glover v. Colvin*, 705 F. App'x 815, 817-18 (11th Cir. 2017) and *Lara*, 705 F. App'x at 812).

Claimant fails to identify the "opinions" of Drs. Vu and Smith that she contends the ALJ failed to weigh and consider.  Doc. No. 26 at 12-17.   Claimant also fails to specify how her RFC conflicts with her course of treatment or other medical records, and why her RFC is otherwise not supported by substantial evidence. *Id.* at 12-18.

The record, however, reflects the ALJ considered and discussed the treatment records of Drs. Vu, Smith, Rodriguez, and Tsai in his decision and then specifically found no treating source offered any work preclusive limitations on Claimant.  R. 21-25 (citing Exs. 1F, 3F, 4F, 6F/7, 25, 7F, 8F/3, 9F, 12F, 14F/11, 16F,

17F, 19F/1, 20F/20, 79, 111).  Claimant does not challenge this finding but simply suggests opinions were not considered.  Without more, the Claimant has failed to show her argument has merit, and has abandoned or waived it.[2]  *See Ornis v. Comm'r of Soc. Sec.*, 6:18-cv-1523, 2020 U.S. Dist. LEXIS 18881, at *7 (M.D. Fla. Feb. 5, 2020) (where claimant referenced a treatment note but failed to identify the finding to which she referred as being an unconsidered opinion, the court found it was unable to determine the merit of claimant's argument); *Chambers v. Comm'r of Soc. Sec.*, 6:18-cv-534, 2019 U.S. Dist. LEXIS 86176, at *11 n. 5 (M.D. Fla. May 6, 2019) (to the extent doctor's treatment records contained statements that could be considered medical opinions, claimant waived the argument by not identifying such statements) (citing *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (simply stating an issue exists, without further argument or discussion constitutes abandonment of that issue) (citation omitted).  Further, a cursory review of the treatment records of Dr. Vu and Dr. Smith does not reflect any work limitations, but rather reflects Claimant's reported complaints, clinical exams, diagnoses, and courses of treatment including pain management and physical therapy.  *See generally* R. 323-50, 353-78, 421-40, 441-73 (Dr. Smith); R. 521-633 (Dr. Vu).

---

[2] The failure to cite facts in the record that support Claimant's argument is also a violation of Section V. A. 1. of the Scheduling Order.  Doc. No. 22 at 4.

Even if something in Dr. Vu or Dr. Smith's treatment records could conceivably constitute a medical opinion that needed to be weighed, the failure to weigh such opinion is harmless unless it contains work limitations more restrictive than the ALJ's RFC determination. *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Ortiz v. Comm'r of Soc. Sec.*, No. 6:18-cv-2060, 2020 U.S. Dist. LEXIS 11977, at *13-14 (M.D. Fla. Jan. 8, 2020) (even if treatment records contained opinions, any failure to assign them weight would be harmless where the ALJ's decision indicates that the ALJ nevertheless relied on the treatment notes in reaching his ultimate findings). And, again, Claimant has made no attempt to identify a conflict between her treatment records and the RFC. *Chambers*, 2019 U.S. Dist. LEXIS 86176, at *11 (finding any potential error in failing to weigh doctor's statements harmless where claimant provided no argument whatsoever to establish statements directly contradicted the ALJ's RFC determination).  Thus, Claimant has failed to show the ALJ committed reversible error in weighing any medical opinion of Dr. Vu or Dr. Smith.

The Court finds that substantial evidence supports the ALJ's RFC as the ALJ relied on Claimant's treatment records, including clinical examinations and objective imaging studies, her course of treatment, and the opinion of Dr. Meade

that Claimant could perform a reduced range of light work.  R. 21-25 (Ex. 5A); R. 67-75.

Claimant next argues that because the ALJ assigned an RFC to Claimant that was not supported by substantial evidence, and failed to properly consider the opinions of Drs. Vu and Smith, the hypothetical provided to the VE did not accurately account for all of Claimant's limitations and the ALJ could not rely on the VE's testimony. Doc. No. 26 at 26.   However, as this argument is wholly dependent on the success of Claimant's first argument, it likewise fails.  Thus, the Court recommends that the decision of the Commissioner be affirmed.

## II.    CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1.  The final decision of the Commissioner be **AFFIRMED**; and

2.  The Clerk be directed to enter judgment for the Commissioner and close the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on December 11, 2020.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Shea A. Fugate, Esq.
Post Office 940989
Maitland, Florida 32794

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, Florida 33602

Christopher G. Harris, Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Beverly E. Williams, Branch Chief
Richard H. Winters, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Gregory J. Froehlich
U.S. Administrative Law Judge
Office of Hearing Operations
SSA Oho Hearing Ofc
Bldg 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, Florida 32256-1224